# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON SHRODER,<br>a/k/a JASON SCHRODER,<br>#S-07980,<br><br>    Plaintiff,<br><br>vs.<br><br>VIPIN SHAH,<br>PHIL MARTIN, and<br>WEXFORD HEALTHCARE SOURCES,<br><br>    Defendants. | Case No. 17-cv-00010-NJR |

## MEMORANDUM & ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jason Shroder (a/k/a Jason Schroder), an inmate of the Illinois Department of Corrections who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at that facility. (Doc. 1). According to the Complaint, Plaintiff was denied prescription medications for back pain, allergies, and migraine headaches after transferring from Adams County Jail to Robinson. (Doc. 1, pp. 6-9). He claims that Vipin Shah (doctor), Phil Martin (healthcare unit administrator), and Wexford Healthcare Sources ("Wexford") refused to authorize his prescription refills because the defendants wanted to reduce the cost of inmate medical care. *Id*. As a result, Plaintiff endured unnecessary pain. *Id*. He seeks monetary damages against all three defendants. (Doc. 1, p. 10).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Complaint

Prior to his incarceration at Robinson, Plaintiff fell thirty feet from a tree and broke his back in three places, resulting in a severe spinal cord injury. (Doc. 1, p. 7; Doc. 1-1, p. 1). These injuries left Plaintiff in "continu[ous] pain." (Doc. 1, p. 7). He also suffered from allergies and migraines. (Doc. 1, pp. 8-9).

To manage the symptoms associated with these three medical conditions, Plaintiff's primary care physician prescribed him the following medications: Skelaxin,[1] Butibol,[2] Baclofen,[3] Lyrica,[4] Flonase,[5] and Excedrin Migraine. (Doc. 1, p. 6). Plaintiff was given each of these medications while

---

[1] Skelaxin, or metaxalone, is a muscle relaxant that is prescribed to relieve pain and discomfort caused by strains, sprains, and other muscle injuries. *See* https://medlineplus.gov/druginfo/meds (last visited April 24, 2017).
[2] The Court is not aware of a prescription medication by this name.
[3] Baclofen is a prescription drug that decreases the frequency and severity of muscle spasms caused by spinal cord diseases and multiple sclerosis. It is supposed to relieve pain and improve muscle movement. *See* https://medlineplus.gov/druginfo/meds (last visited April 24, 2017).
[4] Lyrica, or pregabalin, is an anticonvulsant drug used to relieve neuropathic pain, *i.e.*, pain from damaged nerves. The drug is commonly prescribed to patients who suffer from diabetes, shingles, or fibromyalgia. *See id*.
[5] Flonase, or fluticasone, is a corticosteroid nasal spray used to relieve sneezing, runny, stuffy or itchy nose and itchy, watery eyes that is typically caused by hay fever or other allergies. *Id*.

he was detained at the Adams County Jail. (Doc. 1, p. 8). After transferring to Robinson, however, his prescriptions drugs were taken from Plaintiff and never refilled. (Doc. 1, pp. 6-9).

Plaintiff allegedly went "back and forth to sick call explaining the pain he was in." (Doc. 1, p. 6). Despite his complaints, Doctor Shah would not refill his prescriptions. *Id*. The doctor gave Plaintiff Mobic[6] and naproxen instead. *Id*. Although less expensive than Plaintiff's prescription medications, Mobic and naproxen were ineffective. *Id*. Doctor Shah also refused to refill Plaintiff's prescriptions for Flonase and Claritin, two medications that Plaintiff used to treat allergies. (Doc. 1, pp. 6-7). Instead, Doctor Shah instructed Plaintiff to purchase allergy and pain medications at the prison's commissary. *Id*.

Plaintiff claims that Administrator Martin knew of Plaintiff's medical conditions and his documented history of treatment with these medications. (Doc. 1, p. 7). He was also aware of Plaintiff's complaints of untreated pain at Robinson. *Id*. Plaintiff maintains that Administrator Martin should have conferred with his outside provider and Doctor Shah before refusing to treat these conditions with his normal course of prescription medications. *Id*. Instead, Administrator Martin allowed Plaintiff's conditions and pain to go untreated. *Id*.

Plaintiff blames the denial of adequate medical care at Robinson on Wexford. (Doc. 1, pp. 6-9). The private medical corporation allegedly "has a budget." (Doc. 1, pp. 6-7). To contain costs and stay within budget, Wexford has established incentives aimed at reducing the cost of inmate medical care. *Id*. One cost-saving measure that Wexford has incentivized is the replacement of expensive prescription medications with less costly alternatives. *Id*.

Administrator Martin is responsible for "implementing, overseeing, monitoring, and enforcing [the] system-wide medical policies [and] procedures" of Wexford. (Doc. 1, p. 8). In furtherance of its policies addressing "cost considerations," this defendant would not authorize any

---

[6] Mobic, or meloxicam, is a nonsteroidal anti-inflammatory drug (NSAID) used to relieve pain, tenderness, swelling, and stiffness caused by osteoarthritis and rheumatoid arthritis. *Id*.

refills of Plaintiff's prescription medications. *Id*. Operating under the same policy, Doctor Shah refused to refill Plaintiff's prescriptions, instructing him to purchase his own medications from the prison's commissary instead. (Doc. 1, pp. 6-7).

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

> **Count 1** - Eighth Amendment deliberate indifference to medical needs claim against Doctor Shah and Administrator Martin for refusing to refill any of Plaintiff's prescription medications for back pain, allergies, and migraines at Robinson in an effort to reduce the cost of inmate medical care.
>
> **Count 2 -** Eighth Amendment deliberate indifference to medical needs claim against Wexford for instituting policies aimed at curbing the cost of inmate care, which includes incentives for recommending less costly alternatives to prescription medications.

As discussed below, both claims are subject to further review against those defendants who are named in connection with each claim.

The Eighth Amendment safeguards prisoners against a lack of medical care which may result in pain and suffering that serves no penological purpose. U.S. CONST., amend. VIII. *See also Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). In order to state a claim based on the denial of adequate medical care under the Eighth Amendment, a plaintiff must show that he suffered from a medical need that is "objectively, sufficiently serious." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). He also must demonstrate that "prison officials acted with a sufficiently culpable state of mind," namely deliberate indifference. *Greeno*, 414 F.3d at 653. When considering whether the Complaint states a claim at this stage, the Court is required to construe the *pro se* prisoner's

allegations liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

The allegations in the Complaint satisfy the objective component of this claim for screening purposes. A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Plaintiff's back pain, allergies, and migraines were all diagnosed by his primary care physician as requiring ongoing treatment prior to his incarceration. The physician established a treatment regimen that included prescriptions for Skelaxin, Butibol, Baclofen, Lyrica, Flonase, and Excedrin Migraine. Plaintiff adhered to this course of treatment during his detention at Adams County Jail. When he was denied medications at Robinson, Plaintiff allegedly suffered from pain and other symptoms associated with each condition. These allegations suggest that Plaintiff's medical conditions are sufficiently serious to support an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (condition is objectively serious if the "failure to treat it could result in further significant injury or unnecessary and wanton infliction of pain").

The Complaint also must satisfy the subjective component of Plaintiff's Eighth Amendment claim. In order to do so, the allegations must suggest that each defendant exhibited deliberate indifference to Plaintiff's serious medical needs. This is shown when prison officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This standard requires more than negligence; it approaches intentional wrongdoing. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution."). The Seventh Circuit has recognized that the failure

to treat serious, chronic pain may constitute deliberate indifference, but a disagreement about the proper course of treatment does not. *Madden v. Luy*, 637 F. App'x 945, 948 (7th Cir. 2016) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1039-40 (7th Cir. 2002); *Gutierrez*, 111 F.3d 1364, 1371 (7th Cir. 1997); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)).

The Complaint suggests that Doctor Shah and Administrator Martin were both aware of Plaintiff's serious medical conditions and his need for each of the prescription medications listed in the Complaint. Both defendants allegedly knew that he was suffering from constant pain without the medications. Even so, they refused to refill Plaintiff's prescriptions, not because he was no longer in need of them, but because they aimed to reduce the cost of inmate medical care.

These defendants allegedly acted pursuant to a policy espoused by Wexford that provided incentives to healthcare providers for reducing the cost of inmate care by foregoing expensive prescription medications, regardless of need. A private corporation, like Wexford, can be held liable under § 1983 if it maintains an unconstitutional policy or custom that results in a constitutional deprivation. *See Perez*, 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)). Plaintiff blames the policy for causing the constitutional deprivation at issue.

In light of the allegations in the Complaint, the Court will allow Count 1 to proceed against Doctor Shah and Administrator Martin. And the Court will allow Count 2 to proceed against Wexford. These claims are considered dismissed with prejudice against those defendants who are not named in connection with each claim.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. This motion is unnecessary. Because Plaintiff is proceeding *in forma pauperis*, the Court will order service of this suit on each defendant as a matter of course.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **VIPIN SHAH** and **PHIL MARTIN**. This claim is **DISMISSED** with prejudice against Defendant **WEXFORD HEALTHCARE SOURCES** for failure to state a claim upon which relief may be granted against this defendant.

**IT IS ORDERED** that **COUNT 2** is subject to further review against Defendant **WEXFORD HEALTHCARE SOURCES**. This claim is **DISMISSED** with prejudice against Defendants **VIPIN SHAH** and **PHIL MARTIN** for failure to state a claim upon which relief may be granted against these defendants.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **VIPIN SHAH, PHIL MARTIN,** and **WEXFORD HEALTHCARE SOURCES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 24, 2017**

*/s/ Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**